IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                              4:16-CR-00124-08-SWW

ALEJANDRO VALDES

## ORDER

For the reasons set out below, Defendant's Motion for Compassionate Release (Doc. No. 343) is DENIED.

## I. BACKGROUND

On October 17, 2018, Petitioner pled guilty to possession with intent to distribute oxycodone.[1] On February 28, 2019, he was sentenced to 46 months in prison.[2]

## II. DISCUSSION

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the 18 U.S.C. § 3553(a) factors.[3]

Before a Defendant may seek compassionate release under the First Step Act, he must first make the request with the Bureau of Prisons and exhaust his administrative remedies there.[4] Defendant requested compassionate release from the warden, and that request was denied on

---

[1]Doc. Nos. 238, 239.

[2]Doc. Nos. 309, 322.

[3]18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

[4]See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

May 27, 2020.  It is not clear whether he appealed the denial.  However, I will assume the issue is properly before me.

In support of his request, Defendant asserts that his incarceration has impacted family.  Specifically, his wife is now working two jobs, which results in disabled daughter not being able to attend courses that help with her disability.  Under the Guidelines, compassionate release may be warranted upon the "death or incapacitation of the caregiver of the defendant's minor child."[5]  Defendant has provided neither evidence nor argument that his wife is incapacitated to the point that she is unable to care for their daughter.  Instead, he asserts that she is "*incapable* of caring for the specific medical needs of her daughter."[6]  Additionally, Defendant does not assert that other family members who live in the area are unable or unwilling to help.

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – specifically, to reflect the severity of the offense.

From in or about March 2015 to in or about May 2016, Defendant was involved in a large-scale wire fraud conspiracy.  As part of the conspiracy, taxpayers located across the United States would receive telephone calls from people who falsely represented themselves to be employees of the IRS.  The callers would tell the taxpayers that the taxpayers owed money to the IRS from an outstanding tax debt when, in fact, the taxpayers did not.  Defendants and his co-conspirators, using approximately 80 different false identities, defrauded at least 7,000 taxpayers of over $8,800,000.  Numerous victims exhausted their retirements or returned to work to pay the fake tax debt.

---

[5] U.S.S.G § 1B1.13 cmt. n. 1 (3).

[6] Doc. No. 343 (emphasis in original).

Defendant used his own name and an alias to collect money from the victims of this case. In total, the wire transfers to Defendant cost 211 victims over $270,000.

## CONCLUSION

For the reasons stated, Defendant's Motion for Compassionate Release (Doc. No. 343) is DENIED.

IT IS SO ORDERED, this 23rd day of April, 2021.

Billy Roy Wilson<br>
UNITED STATES DISTRICT JUDGE